IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION


RECEIVED
USDC CLERK, FLORENCE SC
2014 NOV 10 PM 1:17

| | | |
|---|---|---|
| Branch Banking and | ) | NOTICE OF REMOVAL TO THE USDC |
| Trust Company | ) | C/A No.: |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Cindy B. Hunt; Willow Greens | ) | |
| Homeowners Association, Inc.; | ) | |
| CJ Developers, LLC. | ) | |
| Defendant(s) | ) | |

This notice of removal is supported by all the exhibits in this matter and the prior pleadings and documents at c/a 4:09-cv-2151-JMC-TER;[1] c/a 4:11-cv-00870-MGL-TER;[2] Case No: 2012-CP-26-5264 aka c/a 4:12-cv-02216-MGL[3] and all the pleadings

---

[1] Here in after referred to as lawsuit # 1. Exhibit #s 1-52 were submitted in the USDC without objection by BBT and included five affidavits from Hunt and Davis. See Hunt's affidavits at exhibit #s 3, 26, 46 and 70; and exhibit #s 13-15, 17-22, 25 and 34-35 where Hunt reported BBT to the FDIC in March 2008 and where the FDIC made a finding at exhibit #s 17-18 that BBT violated the Gramm Leach Bliley Act (GLBA); and see exhibit #s 28-33 where Hunt reported BBT to the Horry County Police Department (HCPD) in Sept. 2010 and at exhibit # 32 BBT refused to cooperated with the HCPD. Lawsuit # 1 - was filed in the USDC by Hunt in 8/9/2009 – see exhibit # 47. Hunt argues that the USDC at exhibit # 47 entry # 108 ruled on the motion to dismiss at exhibit # 47 entry # 38 resulting in a dismissal of lawsuit # 1 to save the then Defendant BBT and employees from the allegations in the TAC at exhibit # 47 entry #s 105 and 105-1. Lawsuit # 1 was appealed to the USCA. At exhibit # 40 without a finding of subject matter jurisdiction and in an unpublished opinion that lacked substance the USCA affirmed the decision of the USDC. Thereafter, the USCA denied Hunt's request for reconsideration on June 26, 2012 at exhibit # 40 where the USCA said "we have received your applicable request for reconsideration – it is denied.

[2] Here in after referred to as lawsuit # 2 - was filed in the USDC by Hunt on 4/12/2011 – see exhibit # 48. Lawsuit # 2 was filed before lawsuit # 1 was appealed. Hunt argues that the USDC dismissed lawsuit # 2 to save the then Defendant BBT and employees from the allegations in the FAC at exhibit # 49 entry # 15-8.

[3] Here in after referred to as lawsuit # 3 where the verified complaint in lawsuit # 3 consisted of only state causes of action was filed by Hunt in the Horry County Court of Common Pleas on 7/9/2012 where Hunt was trying to follow the instructions of the USCA; lawsuit # 3 was thereafter removed by BBT based on diversity jurisdiction to the USDC in Florence, SC on 8/6/2012 where BBT was looking for additional help – see exhibit # 49. **Lawsuit # 3 was not appealed to the USCA.**

and documents in the present matter at Case No: 2013-CP-26-2528[4] where this matter has been in dispute/litigation for six years (1/2008 – present day).[5]

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA**

1. PLEASE TAKE NOTICE that, pursuant to 28 USC 1441, 1446 and Donovan v. Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964), the below – described action is being removed from the Court of Common Pleas / Master in Equity Horry County to this Court.

In support of this Notice, Hunt alleges:

2. This is the 4th law suit between Hunt and BBT.

    a. **Law suit # 1:** c/a 4:09-cv–2151-JMC-TER (filed 8/9/2009 in the USDC)
    b. **Law suit # 2:** c/a 4:11-cv-0870-MGL-TER (filed 4/12/2011 in the USDC)
    c. **Law suit # 3:** Case No: 2012-CP-26-5264 aka c/a 4:12-cv-02216-MGL-TER (filed 7/9/2012[6] in Horry County Court of Common Pleas and **removed** to the USDC by BBT[7] on 8/6/2012 at 13:49 pm)

3. Hunt filed law suits #s 1-2 in the USDC. Law suit # 1 was appealed to the USCA.[8] Law suit # 2 was not appealed.

4. Hunt filed law suit # 3 in the Horry County Court of Common Pleas, State of South Carolina on 7/9/2012; Hunt filed a notice of voluntary withdrawal on 8/6/ 2012 at 10:46 am in law suit # 3. Thereafter, **BBT removed law suit # 3 to the USDC based on diversity jurisdiction**. After removal to the USDC – BBT filed a motion to dismiss under FRCP 12(b)(6). The Magistrate Judge recommended that the Court grant BBT's motion to dismiss (ECF No. 22 of law suit # 3). The USDC adopted the Magistrate's report and recommendation and granted BBT motion to dismiss based on withdrawal of the complaint in law suit # 3 from State Court under SCRCP 41(a)(1)[9] prior to removal by BBT. The Magistrate did not rule on the other issues in BBT's motion to dismiss.[10] BBT did not make a motion to alter or amend re the other issues in the motion to dismiss that were not ruled

---

[4] Here in after referred to as lawsuit # 4 - was filed in this circuit court by BBT on 4/16/2013; the counterclaims are verified.
[5] Communications with BBT (Fogle, Teal and Craven) were had from 1/22/2008 – 3/2008. An FDIC proceeding was held from 3/2008 – 9/2008. Four lawsuits have been filed from 8/2009 – present.
[6] BBT in its foreclosure complaint in law suit # 4 states that the mortgage became delinquent on 7/1/2012.
[7] In its Notice of Removal for law suit # 3 in 8/2012 BBT cited to the mortgage as the amount in controversy.
[8] See case # c/a 4:09-cv–2151-JMC-TER where the USDC dismissed the federal causes of action and declined supplemental jurisdiction. Hunt made a timely motion to alter or amend. Hunt made a timely appeal and request for reconsideration to the USCA. Thereafter, Hunt timely filed law suit # 3.
[9] BBT did not object to or place any restrictions on the dismissal under SCRCP 41(a)(1).
[10] Hunt argues that these other issues of the motion to dismiss in law suit # 3 have been waived and abandoned and are law of the case.

on. Law suit # 3 was not appeal. The exclusive jurisdiction of the USDC had attached.[11] Hunt (Plaintiff in law suit # 3) had a right to have her case heard in the USDC. Donovan v. Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

5. Hunt alleges that BBT **disliked the outcome of law suit # 3** where the Magistrate did not rule on the other issues (statute of limitations, objections to punitive damages, attorney fees, costs, each cause of action, etc.) in BBT's motion to dismiss in law suit # 3. Thereafter, BBT went forum shopping for a forum that would allow BBT to file motions to dismiss under Rule 12(b)(6) involving the issues that the Magistrate did not reach in law suit # 3. Hunt alleges that BBT took steps in law suit # 4 to make it look like the USDC lacked diversity jurisdiction where BBT named sham defendants, etc. in its efforts to avoid facing the USDC and the law of the case from law suit # 3.

6. **Law suit # 4:** On April 16, 2013 BBT filed an action against Hunt, Willow Greens HOA and CJ Developers in the Court of Common Pleas / of Horry County, State of South Carolina, Civil Action No 2013 CP 26 2528, where law suit # 4 is now pending therein.

7. **Jurisdiction:** The USDC has exclusive jurisdiction in this matter based on law suits #s 1-3 being filed in or removed to the USDC after notice of voluntary dismissal under SCRCP 41(a)(1). Donovan v. Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

8. **Jurisdiction:** This Court would also have original jurisdiction in this matter pursuant to 28 USC 1332.

9. On July 30, 2013, in law suit # 4, Hunt filed objections to the affidavits of non service that were submitted by BBT.

10. On 8/2/2013, **in law suit # 4**, Defendant Hunt filed an answer, defenses, counterclaims[12] and a motion for summary judgment where Hunt stated that she did not waive service of process.

11. Among other things, so far in **law suit # 4**, instead of answering or replying to the counterclaims / amended counterclaims BBT has been able to file at least two motions to dismiss under Rule 12(b)(6) involving the now waived and abandoned issues that the Magistrate did not reach in law suit # 3.

---

[11] Hunt just came to realize that the USDC had exclusive jurisdiction in this matter.
[12] These counterclaims in law suit # 4 are the same as the causes of action in the Complaint of law suit # 3.

12. **Hunt's 8/13/2013 waiver of service of process in law suit # 4 states:**

    a. The Horry County Clerk of Court has signed an Order for Publication in this matter on August 12, 2013 for the summons, [notice of foreclosure] intervention and [notice of filing of the complaint].[13]

    b. As such, based on the signed Order of Publication Hunt now **waives service of process** by BBT where the waiver is effective when the answer, counterclaims/defenses and summary judgment were filed on August 2, 2013.

    c. Based on Hunt's waiver of service – service has now been accomplished by other means such that there is no need for service by publication as stated in the signed order of publication.

    d. Hunt reserves all arguments under SCRCP, SC statutory, common laws, etc.; and Hunt continues to dispute the complaint, intervention, lis pendens and the affidavits of non service/service, affidavit in support of the order for publication, order for publication by the Court; and all other documents submitted by BBT in this matter.

13. Hunt continues to argue that the order of publication in law suit # 4 was defective and fraudulent.

14. Hunt has never been served with the summons and complaint in the above described pending action in law suit # 4.[14]

15. This Notice of Removal is timely filed where this USDC has <u>exclusive jurisdiction</u> in this matter based on law suits #s 1-3. Donovan v. Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964).

16. This Notice of Removal is timely filed where Hunt has never been served with the summons and complaint in the above described pending action of law suit # 4.

17. This Notice of Removal is timely filed where defendant BBT in law suit # 3 timely removed law suit # 3 to the USDC based on diversity of jurisdiction where law suit # 3 was dismissed pursuant to SCRCP 41(a)(1). As such, through law suit # 3 BBT agreed that the next lawsuit involving the subject matter of lawsuit # 3 would be subject to the jurisdiction of the USDC.

---

[13] The order for publication did not include the lis pendens.
[14] BBT has never served Hunt via the US postal service.

18. This Notice of Removal is timely filed where Hunt alleges that BBT has engaged in bad faith, abuse of legal process, fraud upon the state court, violation of the court's order in law suit # 3 where BBT asked the Court through its motion to dismiss to dismiss law suit # 3 under SCRCP 41(a)(1) and improper forum shopping in the above described pending action of law suit # 4.

19. The state court in law suit # 4 has asserted personal jurisdiction over Hunt based on "appearance."

20. BBT is a corporation organized under the laws of the State of North Carolina with its principal place of business in Winston - Salem, North Carolina and is therefore, a citizen of the State of North Carolina.

21. Hunt is a citizen and resident of Horry County, South Carolina.

22. CJ Developers as per the SC Secretary of website was dissolved in 2006. CJ Developers has not filed any documents in this matter. CJ Developers is in default. No claims have been asserted against CJ Developers. CJ Developers was a sham defendant.

23. Willow Greens is a corporation organized under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina and is therefore, a citizen of the State of South Carolina.

24. Willow Greens Home Owners Association filed an answer on 5/6/2013. Hunt was not served with a copy of the answer of Willow Greens. And the attorney for Willow Greens told Hunt that he did not file an answer. Willow Greens withdrew its answer on 11/05/2013. The attorney for Willow Greens never made a court appearance. Willow Greens is in default. No claims have been asserted against Willow Greens. Willow Greens was a sham defendant.

25. The <u>amount in controversy</u>, as alleged in the Complaint, is in excess of $75, 000.00 (exclusive of interest and costs), as the Complaint, of a Mortgage with a principal of approximately $137, 166.75.48 (as shown on the face of the State Court Complaint at paragraph 11.).

26. The <u>amount in controversy</u>, as alleged in the counterclaims, is in excess of $75, 000.00 (exclusive of interest and costs), as the counterclaims, of a Mortgage with a principal of approximately $137, 166.75.48 (as shown on the face of the counterclaims at paragraph # 290); and coastal gold benefits of $150,000.00 (as shown on the face of the counterclaims at paragraph # 16).

27. <u>Copies of the record</u>: Hunt requests that this USDC obtain the records from the state court by issuing a writ of certiorari. 28 USC 1447(b).

**Attachments to the Notice of Removal:** The objection to affidavit of non service, affidavit for order of publication, order of publication, affidavits of service / non service, waiver of service of process, summons, complaint, intervention; lis pendens, answer with defenses, counterclaims, first amended counterclaims and **orders** re: emergency hearing, order of reference, scheduling order, hearing held on 4/21/2014, sanctions for spoliation of evidence and default are attached to the Notice of Removal.

*amended CB H*

28. Venue in this District is appropriate under 28 USC 1391(a)(2) as a substantial part of the events or alleged omissions giving rise to the claims occurred in this District. The property in the complaint and counterclaims is located in Horry County, South Carolina.

29. As a result of the facts stated above, Defendant Hunt is entitled to the removal of this action to this Court pursuant to 28 USC 1441(a) as this Court would have original jurisdiction and or exclusive jurisdiction over the claims set for in the foreclosure complaint and or the counterclaims pursuant to 28 USC 1332 and or pursuant to Donovan v. Dallas, 377 U.S. 408, 411, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964) based on lawsuits 1-3.

30. A copy of the Notice of Removal which upon filing of this petition with this Court will be provided to the Plaintiff BBT and filed with the Horry County, South Carolina Clerk of Court, without exhibits.

31. The undersigned, pro se defendant, files this Notice of Removal within the strictures of FRCP 11 and asserts that the same is filed in good faith.

Wherefore, Hunt prays that the above entitled action be removed from the Horry County Court of Common Pleas / Master In Equity, State of South Carolina to this Court.

Respectfully submitted,

*C B Hunt*

Cindy B. Hunt, Defendant
Pro Se
195 D Willow Green
Drive Conway, SC 29526
(843) 488-1131/(843) 347-7230

DATE: November 10, 2014

CERTIFICATE OF SERVICE BY MAIL

State Civil Action # 2013-CP-26-2528

USDC c/a:



RECEIVED
USDC CLERK FLORENCE SC

2014 NOV 10 PM 1:17

I, the undersigned Pro Se Defendant and attorney, do hereby certify

that I have served a copy of the below listed document

by US Mail, postage prepaid, on 10 November 2014, at the following addresses:

**Document(s) Served:**

**Notice of Removal of Civil Action # 2013-CP-26-2528 to the USDC.**

To:

The Honorable Melanie Huggins-Ward          Hand Delivered
Clerk of Court for Horry County
PO Box 677
Conway, SC 29526

Rogers Townsend & Thomas, PC
PO Box 100200
Columbia, SC 29202

Thank You,
C B Hunt
**Cindy B. Hunt, Pro Se.**
**195 D Willow Green Dr**
**Conway, SC 29526**
**843 488-1131**