IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Branch Banking and Trust Company,<br><br>Plaintiff,<br><br>v.<br><br>Cindy B. Hunt; Willow Greens Homeowners Association, Inc.; CJ Developers, LLC,<br><br>Defendants. | C/A # 4:14-cv-04352-BHH-TER |

(504335.3166 SMF)

**MOTION TO REMAND
OF PLAINTIFF BRANCH BANKING AND TRUST COMPANY**

Plaintiff Branch Banking and Trust Company ("BB&T") hereby responds to the Notice of Removal of Defendant Cindy B. Hunt ("Hunt") and moves the Court for an Order remanding this foreclosure case back to the Horry County Court of Common Pleas on the following grounds:

**Nature of the Case**

This is an attempt by a defendant mortgagor to remove a state court foreclosure action to federal court over a year and half after it was filed.

**Statement of the Relevant Facts**

BB&T filed this foreclosure action in the Horry County Court of Common Pleas on April 16, 2013. Hunt voluntarily appeared in the foreclosure action by filing an Answer on August 2, 2013, and a Waiver of Service of Process on August 13, 2013.

**Arguments**

**1. The Notice of Removal is untimely.**

The Notice of Removal is untimely because Hunt received BB&T's foreclosure complaint, entered a voluntary appearance, and waived service of process over a year ago.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C. § 1446. The thirty-day period for removal is triggered when "a defendant is formally served or waives service." *Reliford v. Pearson*, No. C/A 3:03-1561-17BC, 2004 WL 2660229, at *2 (D.S.C. Feb. 19, 2004) *aff'd*, 101 F. App'x 927 (4th Cir. 2004).

Although Hunt alleges that BB&T never served her with the summons and complaint, (Notice of Removal ¶ 14), the attachments to the Notice of Removal show that Hunt filed an Answer to the foreclosure complaint on August 2, 2013. Under South Carolina law, "[v]oluntary appearance by defendant is equivalent to personal service." Rule 4(d), SCRCP. Further, Hunt's ability to respond to the foreclosure complaint on August 2, 2013, evidences her physical receipt of it prior to that date. Therefore, Hunt had been served with and received the initial foreclosure pleading no later than August 2, 2013. Further, Hunt filed a "Waiver of Service of Process"[1] in the foreclosure action on August 13, 2013.

Because the thirty-day period for removal began to run on August 2, 2013, when she voluntarily appeared, or at latest when she waived service on August 13, 2013, Hunt's Notice of Removal is untimely.

---

[1] Under South Carolina law, "parties are generally permitted to agree to … waiving service altogether." *White Oak Manor, Inc. v. Lexington Ins. Co.*, 407 S.C. 1, 9, 753 S.E.2d 537, 541 (2014).

## 2. Removal would violate the "home state defendant" rule.

Removal of this case on the basis of diversity jurisdiction is prohibited because two of the defendants are citizens of South Carolina. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Hunt concedes that she and Defendant Willow Greens Homeowners Association, Inc. are citizens of South Carolina. *See* Notice of Removal ¶ 21 ("Hunt is a citizen and resident of Horry County, South Carolina."); Notice of Removal ¶ 23 ("Willow Greens is a corporation organized under the laws of the State of South Carolina with its principal place of business in Horry County, South Carolina and is therefore, a citizen of the State of South Carolina."). Because this case involves "home state defendants," removal on the basis of diversity jurisdiction is prohibited.

## 3. Removal would violate the "rule of unanimity."

None of the other defendants have consented to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C.A. § 1446(b)(2)(B).

The other two defendants never consented to removal. Even if they now wanted to consent, it would be too late as they were both served with the summons and complaint over a year ago. (*See* copies of affidavits of service attached hereto as Exhibits 1 and 2.)

### 4. There is no other basis for federal jurisdiction over this case.

In addition to removal on the basis of diversity jurisdiction being prohibited, this case could not be removed based on federal question jurisdiction either. The foreclosure complaint presents no federal claim or question—it simply seeks the foreclosure of a mortgage on real property located in Horry County pursuant to state law. Under the well-pleaded complaint rule, whether Hunt has defenses that raise federal questions is irrelevant to the issue of jurisdiction. *See King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003)("In particular, a claim in which the federal question arises only as a defense to an otherwise purely state law action does *not* 'arise under' federal law, and hence jurisdiction would not lie under section 1331.").

WHEREFORE, Plaintiff Branch Banking and Trust Company respectfully moves the Court for an Order remanding this foreclosure case back to the Horry County Court of Common Pleas. Further, Plaintiff Branch Banking and Trust Company respectfully requests an order awarding it the amount in attorney's fees it has incurred in responding to Hunt's Notice of Removal. 28 U.S.C. § 1447(c)("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Pursuant to Local Civil Rule 7.02(E), this motion is excluded from the duty to consult. This motion is based on the exhibits hereto, the pleadings filed herein, the pleadings filed in the Court of Common Pleas for Horry County, South Carolina, the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, the laws of the United States and the State of South Carolina, and such other and further matters as may be properly presented to the Court.

*[signature on the following page]*

*Motion to Remand*
*C/A # 4:14-cv-04352-BHH-TER*

                          Respectfully submitted,

                          s/ Sean M. Foerster
                          Sean M. Foerster (Fed. I.D. # 10396)
                          Rogers Townsend & Thomas, PC
                          220 Executive Center Drive (29210)
                          PO Box 100200
                          Columbia, SC 29202-3200
                          (803) 771-7900
                          sean.foerster@rtt-law.com

                          Attorneys for Plaintiff Branch Banking and Trust Company

December 8, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2014, I electronically filed the foregoing Motion to Remand with the Clerk of the Court using the CM/ECF system and have served a hard copy of the electronic filing by mailing it to the following:

Cindy B. Hunt, Esquire
195-D Willow Greens Drive
Conway, SC  29526

                          s/ Sean M. Foerster
                          Sean M. Foerster (Fed. I.D. # 10396)