C/A No.: 4:14-cv-04352-BHH-TER

RECEIVED
USDC CLERK, FLORENCE, SC

**USDC Exhibit #** 2014 DEC 22  PM 1:28

9/5/2013   BBT's Motion to Dismiss
Counterclaims

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

Branch Banking and Trust Company,

Plaintiff,

vs.

Cindy B. Hunt; Willow Greens Homeowners
Association, Inc.; CJ Developers, LLC,

Defendant,

IN THE COURT OF COMMON PLEAS
OF THE FIFTEENTH JUDICIAL CIRCUIT

DOCKET NO.: 2013-CP-26-2528

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS OF CINDY B. HUNT

(504335 – 03166)

Pursuant to Rule 12(b)(6), SCRCP, Branch Banking and Trust Company ("BB&T), hereby
moves that Defendant Cindy B. Hunt's Counterclaims ("Counterclaims") be dismissed on the
following grounds:

1.  The Counterclaims and each and every cause of action stated therein is barred by the
    applicable statute of limitations, the operative facts having occurred and been
    discovered (or discoverable) by Defendant Cindy B. Hunt ("Hunt") prior to July 8,
    2009.

2.  The First Cause of Action fails to set forth a claim for relief under S.C. Code Ann.
    §37-20-110 as the Counterclaims fail to state facts which fall under said statute as
    the factual allegations of the Counterclaims (and the exhibits thereto) clearly
    establish that the matters complained of do not involve a "consumer reporting
    agency" within the coverage of S.C. Code Ann. §37-20-110 or involve the subject
    matter of that statute.

3. The Second Cause of Action fails to set forth a claim for relief for fraud, as said cause of action has not been pled with the particularity required by Rule 9(b), SCRCP and the Counterclaims fail to allege facts sufficient to establish a plausible claim for such relief, including the failure to allege any facts which would establish either the right to rely or actual reliance on the allegedly fraudulent statements;

4. The Third Cause of Action fails to set forth a claim for relief for negligent misrepresentation as the Counterclaims fail to allege facts sufficient to establish a plausible claim for such relief. Said cause of action further fails to allege facts supporting recovery in negligence as any duty which might have existed is a duty based in contract which will not support recovery in negligence.

5. The Fourth Cause of Action in the Counterclaims fails to set forth a claim for relief for conversion as a bank account (a contractual right) cannot be the subject of a conversion action.

6. The Fifth Cause of Action fails to set forth a claim for relief for breach of fiduciary duty as the facts alleged in the Counterclaims establish a debtor/creditor relationship between Hunt and BB&T which does not give rise to a fiduciary duty;

7. The Sixth Cause of Action fails to set forth a claim for relief for violation of the probate code as the sections referred to therein do not create a right of action and/or the facts alleged in the Counterclaims establish that no actionable violation occurred;

8. The Seventh Cause of Action for unfair trade practices fails to state facts sufficient to state a claim against BB&T for "Violation of S.C. Code Ann. §39-5-10 et seq." as

2

the actions of BB&T, (a federally insured state banking institution[1] are not covered by or subject to the provisions of S.C. Code Ann. §39-5-10, et seq. as the actions of federally insured financial institutions are not subject thereto and/or are exempt from the provisions thereof pursuant to S.C. Code Ann. §39-5-40. Additionally, the Counterclaims fail to set forth a claim for relief under S.C. Code Ann. §39-5-10 as the facts alleged in the Counterclaims establish only a private dispute between the parties that has no impact upon the public interest of the State of South Carolina.

9. The Eighth Cause of Action for mortgage loan fraud fails to state facts sufficient to state a claim against BB&T under S.C. Code Ann. §37-22-190 as BB&T, a federally insured financial institution, is not subject to S.C. Code Ann. §37-22-190 and the mortgage loan which is the subject of the Complaint, a first mortgage on real estate is not a "consumer loan" subject to SC Code Ann. §37-5-108.

10. The Ninth Cause of Action for defamation fails to state facts sufficient to state a claim against BB&T as the Counterclaims fail to allege any false statement or message about BB&T causing harm to Hunt's reputation.

11. The Tenth Cause of Action for intentional destruction of evidence fails to state facts sufficient to state a claim against BB&T as South Carolina does not recognize an independent cause of action for spoliation of evidence.

---

[1] A fact which is established in the Counterclaims in this action as shown by the numerous complaints made by the Plaintiff to the FDIC and/or as to which BB&T will request that the Court take judicial notice under Rule 201, SCRE.

12. The Eleventh Cause of Action for slander of title fails to state facts sufficient to state a claim against BB&T as the Counterclaims fail to allege facts which would support the elements of said cause of action.

13. The Counterclaims fail to allege any factual or legal basis for any claim for punitive damages;

14. The Counterclaims fail to allege any basis for an award of attorneys' fees or costs.

Should it be successful in the prosecution of this Motion, BB&T, pursuant to the rights granted to it in the applicable Bank Services Agreement governing the accounts of Hunt, may seek a reimbursement of all attorneys' fees incurred in connection with the defense of this action.

NOTICE PURSUANT TO S.C. CODE ANN. §15-36-10(D) – BB&T further gives notice that they are of the opinion, for the reasons and on the basis set forth in this Motion and the accompanying memorandum, that one or more of the claims made in the Counterclaims are not warranted based on existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for the establishment of new law and, as to these claims, should they be determined favorable to BB&T, relief under S.C. Code Ann. §15-36-10, will be sought against Hunt. BB&T further gives notice that they are of the opinion that one or more of the factual contentions made in the Counterclaims lack evidentiary support and/or are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery and, as to these claims, should they be determined favorable to BB&T, relief under S.C. Code Ann. §15-36-10, will be sought as to Hunt.

4

Moreover, BB&T contends that Rule 11, SCRCP is applicable to these Counterclaims. BB&T hereby gives notice, to the extent necessary that it contends, for the reasons and on the basis set forth in this Motion, that the Counterclaims were filed, in whole or in part. in violation of the requirements of Rule 11, SCRCP and intends to seek relief thereunder.

Wherefore, BB&T requests that this Court dismiss the Counterclaims in this action and for such other and further relief as the Court may deem appropriate, including appropriate sanctions under S.C. Code Ann. §15-36-10 and Rule 11 SCRCP.

John Y. Hearn (SC Bar # 6635)
ROGERS TOWNSEND & THOMAS. PC
220 Executive Center Drive (29210)
Post Office Box 100200
Columbia, South Carolina 29202-3200
(803)771-7900
john.hearn@rtt-law.com
ATTORNEYS FOR PLAINTIFF

*Rogers Townsend & Thomas. PC and its staff are debt collectors.*

Sept. 5, 2013