UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) | Civil Action No.: 4:14-cv-4352-BHH-TER |
| Plaintiff, | ) ) |  |
| -vs- | ) ) ) | **REPORT AND RECOMMENDATION** |
| CINDY B. HUNT, WILLOW GREENS HOMEOWNERS ASSOCIATION, INC, and CJ DEVELOPERS, LLC; | ) ) ) ) |  |
| Defendants. | ) ) |  |

## I.  INTRODUCTION

Plaintiff Branch Banking & Trust (BB&T) filed this foreclosure action in the Court of Common Pleas, Horry County, South Carolina, on April 16, 2013. Defendant Cindy B. Hunt, who is proceeding pro se, removed the action to this court on November 10, 2014, pursuant to 28 U.S.C. § 1441. Presently before the court is BB&T's motion to remand (Document # 11). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. This report and recommendation is entered for review by the district judge.

## II.  PROCEDURAL HISTORY

As stated above, BB&T filed this foreclosure action in the Court of Common Pleas, Horry County, South Carolina, on April 16, 2013.[1] Hunt filed an answer and counterclaims in the state court on August 2, 2013. In her answer, Hunt stated that she had not been served and did not waive

---

[1] All state court documents referenced herein are attached to Hunt's notice of removal.

service of process. Later, on August 13, 2013, Hunt filed a waiver of service of process.[2] A review of the state court documents filed in this action reveal that Hunt continued to participate in the action in state court by filing numerous motions and amended counterclaims. The state court entered orders in October of 2014 denying all of Hunt's motions. Hunt removed the action to this court on November 10, 2014.

In her notice of removal, Hunt references three previous lawsuits she filed against BB&T.[3] Hunt filed the first two cases in this court and the third case in state court, which BB&T subsequently removed to this court pursuant to 28 U.S.C. § 1332. Each of these cases was dismissed. Hunt argues that this court has exclusive jurisdiction over the present action as a result of the previous three actions that were filed in or removed to this court. She further argues that jurisdiction is proper under 28 U.S.C. § 1332. She asserts that the notice of removal is timely because of this court's exclusive jurisdiction and because she was never served with the summons and complaint.

## III.   DISCUSSION

BB&T argues that remand is appropriate for several, procedural reasons. However, before addressing the procedural concerns in this removal, the court must first address Hunt's argument that this court has exclusive jurisdiction over this action.[4] Although not entirely clear, Hunt's argument

---

[2]One day before, on August 12, 2013, the state court entered an order granting BB&T's motion for service by publication. Hunt then filed her waiver of service, stating that "based on Hunt's waiver of service–service has now been accomplished by other means such that there is no need for service by publication as stated in the signed order of publication."

[3]Hunt v. BB&T, No. 4:09-cv-2151-JMC-TER; Hunt v. BB&T, No. 4:11-870-MGL-TER; and Hunt v. BB&T, No. 12-cv-2216-MGL-TER.

[4]Hunt also raises several arguments regarding the merits of this action. However, the only issue presently before the court is whether removal was proper.

-3-

for exclusive jurisdiction appears to be based upon the fact that the most recent action she filed against BB&T, which she filed in state court and BB&T removed to this court, was dismissed without prejudice based upon her voluntary dismissal. However, because of our "system of dual sovereignty," the Supreme Court has "consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." Tafflin v. Levitt, 493 U.S. 455, 458, 110 S.Ct. 792, 795, 107 L.Ed.2d 887 (1990); see also Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-478, 101 S.Ct. 2870, 2874-2875, 69 L.Ed.2d 784 (1981); Claflin v. Houseman, 93 U.S. 130, 136-137, 23 L.Ed. 833 (1876). Therefore, "to give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction." Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 823, 110 S.Ct. 1566, 1568 (1990) (citing Tafflin, 493 U.S., at 459-460, 110 S.Ct., at 795-796). As such, because this court lacks exclusive jurisdiction over claims arising under federal law absent the express or implied intent of Congress, it strains credulity to find that this court has exclusive jurisdiction over a state foreclosure action. Hunt points to no authority to support her assertion of exclusive jurisdiction. Therefore, this argument is without merit.

      BB&T's first argument for remand is that Hunt's removal is untimely. Hunt argues that she was never properly served and, thus, the time-period for filing a notice of removal was never officially triggered. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading … ." 28 U.S.C. § 1446(b)(1). In Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court held that a defendant's thirty-day period to remove a case is triggered by formal, effective service of process. Several courts have construed

Murphy Brothers to hold that the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service. See DiLoreto v. Costigan, 351 F.App'x 747, 750 (3rd Cir.2009); Reliford v. Alexander, No. 3:06-1259-JFA-JRM, 2007 WL 474067, at *3 (D.S.C. Feb. 8, 2007); Reliford v. Pearson, No. 3:03-1561-17BC, 2004 WL 2660229, at *2 (D.S.C. Feb. 19, 2004); Borchers v. Standard Fire Ins. Co., No. C–10–1706, 2010 WL 2608291, at *2 (N.D.Cal. June 25, 2010) (same); Granovsky v. Pfizer, Inc., 631 F.Supp.2d 554, 559 (D.N.J.2009) (same); Brown v. Bristol–Myers Squibb Co., No. A 402CV301LN, 2002 WL 34213425, at *4 (S.D.Miss. Nov.2, 2002) (same, listing cases).

Rule 4(d), of the South Carolina Rules of Civil Procedure provides that "[v]oluntary appearance by defendant is equivalent to personal service." "An appearance may be expressly made by formal written or oral declaration, or record entry, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction." Stearns Bank Nat. Ass'n v. Glenwood Falls, LLP, 373 S.C. 331, 338, 644 S.E.2d 793, 796 (Ct. App. 2007). Hunt first appeared in this action when she filed an answer and counterclaims in the state court on August 2, 2013. Although she stated in her answer than she did not waive service, she later expressly waived service of process on August 13, 2013, stating that the waiver was effective "when the answer, counterclaims/defenses and summary judgment were filed on August 2, 2013." She further stated that "based on Hunt's waiver of service–service has now been accomplished by other means such that there is no need for service by publication as stated in the signed order of publication." Under South Carolina law, "parties are generally permitted to agree to particular methods of service or waiving service altogether." White Oak Manor, Inc. v. Lexington Ins. Co., 407 S.C. 1, 9, 753 S.E.2d 537, 541 (2014). Hunt cannot waive service and represent to the court that no further attempts to serve her

-4-

are necessary and later claim she has never been properly served.[5] Further, Hunt submitted to the state court's personal jurisdiction over her by her numerous filings in that court for over a year prior to filing her notice of removal on November 10, 2014. Thus, Hunt's argument that her notice of removal was timely because she was never served is without merit. As such, because Hunt failed to file her notice of removal within thirty days of the date she waived service in this action, her removal is untimely and improper and remand is appropriate.[6]

## VI.     CONCLUSION

For the reasons discussed above, it is recommended that BB&T's motion to remand (Document # 11) be granted and this case be remanded to the Court of Common Pleas, Horry County, South Carolina.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 15, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[5] See, e.g., Wright v. Guess, No. 3:08-4130-JFA, 2010 WL 348377 *1 (D.S.C. Jan.25, 2010) (citing Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996)) ("Courts apply judicial estoppel to prevent a party from benefitting itself by maintaining mutually inconsistent positions regarding a particular situation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.").

[6] As a result, the court need not address BB&T's remaining arguments that removal violates the homestate defendant rule and the rule of unanimity.