UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Branch Banking and Trust Company, ) | Civil Action No.: 4:14-CV-4352-BHH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Cindy Hunt, Willow Greens ) | |
| Homeowners Association, Inc., and ) | |
| CJ Developers, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff Branch Banking and Trust ("the plaintiff") brought this foreclosure action against the defendants Cindy Hunt, Willow Greens Homeowners Association, Inc., and CJ Developers, LLC ("the defendants"). *Pro Se* Defendant Cindy Hunt removed this action to this court on November 10, 2014. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling and a Report and Recommendation, because the defendant Cindy Hunt is proceeding *pro se*. Magistrate Judge Rogers recommends that the plaintiff's motion to remand (ECF No. 11) be granted and this action be remanded to the Court of Common Pleas, Horry County, South Carolina, for disposition. The Report and Recommendation sets forth in detail the relevant facts and standards of law and the Court incorporates them without recitation.

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final

1

determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has recommended that the plaintiff's motion to remand (ECF No. 11) be granted.  None of the defendants have filed objections to the Report and Recommendation, and the time for doing so expired on May 4, 2015.

## **CONCLUSION**

Having conducted a *de novo* review of the Report and the record, the Court agrees with the Magistrate Judge and adopts and incorporates by specific reference the Magistrate Judge's Report and Recommendation.

IT IS ORDERED, therefore, that the plaintiff's motion to remand (ECF No. 11) is GRANTED and this action is remanded to the Court of Common Pleas, Horry County, South Carolina, for disposition. The Clerk of this Court is directed

to forward the file along with a certified copy of this order to the Clerk of Court for Horry County.

    **IT IS SO ORDERED.**

                                      /s/Bruce Howe Hendricks
                                      United States District Judge

May 8, 2015
Greenville, South Carolina